United States District Court
for the
Southern District of Florida

| James Eric McDonough and | ) |
|---|---|
| Vanessa McDonough, Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 17-23227-Civ-Scola |
| | ) |
| City of Homestead, and others, | ) |
| Defendants. | ) |

### **Omnibus Order on Motions to Dismiss**

The Plaintiffs have filed a complaint asserting claims against thirty-three (33) defendants based upon a plethora of alleged constitutional violations. (*See* ECF No. 1.) The Defendants have filed motions to dismiss (ECF Nos. 27, 33, 50, 58, 60, 73) for a host of reasons. After reviewing the complaint, the motions, the record in this case and the applicable law, and for the reasons set forth below, the Court **grants** the motions (**ECF Nos. 27, 33, 50, 58, 60, 73**.)

At the outset, the Court notes that this case is related and substantially indistinguishable to a case previously filed by the Plaintiff James Eric McDonough ("McDonough") before Judge Williams. *See McDonough v. City of Homestead*, No. 1:16-cv-24524-KMW. Indeed, the Plaintiffs attach Judge Williams's dismissal order to their complaint in this case.[1] (*See* ECF No. 1-1.) Much like the complaint before Judge Williams, the Plaintiffs' instant complaint is a tangled mess comprising 94 pages of incoherent and largely irrelevant conclusory allegations. Understandably, the Defendants have filed motions to dismiss in which they identify countless procedural and substantive improprieties, not the least of which is the fact that the complaint is virtually incomprehensible because it is a shotgun pleading.

A court has the discretion to dismiss a complaint for failure to comply with the pleading rules. *Heard v. Nix*, 170 F. App'x 618, 619-20 (11th Cir. 2006). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessor or does not separate each cause of action or claim for relief into separate counts. *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015). "The unifying characteristic of all

---

[1] In the case before Judge Williams, McDonough amended his complaint once as of right, and despite being granted leave to amend his complaint a second time, McDonough failed to do so, which resulted in dismissal.

types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnotes omitted). Such a complaint creates a situation where most of the counts contain irrelevant factual allegations and legal conclusions, leaving the court to sift through irrelevancies to determine the sufficiency of a claim. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, notwithstanding the Plaintiffs' belief to the contrary, the complaint constitutes a particularly egregious example of shotgun pleading. Not only do the Plaintiffs reincorporate several counts into subsequent counts, each count in the complaint comprises multiple claims against multiple Defendants. The complaint is all the more unacceptable because the Plaintiffs are represented by counsel. Therefore, it is incumbent upon the Plaintiffs' counsel to devote the necessary time to drafting a coherent and competent statement of his clients' claims and the facts supporting those claims. It certainly is not the Court's responsibility to attempt to discern potential causes of action from a hodgepodge of allegations haphazardly strewn together. Accordingly, the Court grants the motions to dismiss on this basis. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.10 (11th Cir. 2002) (noting several cases expressing concerns regarding the aggregate negative effects of shotgun pleadings).

Moreover, in addition to numerous apparent substantive deficiencies, the majority of the Plaintiffs' claims appear to be premised upon events occurring beyond the applicable four-year statute of limitations. Fla. Stat. § 95.11(3)(p); *see also Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.") (internal quotations omitted). Therefore, such claims would be barred.

The Court further notes that despite the filing of six motions to dismiss, all of which were filed prior to the expiration of the deadline set by the Court for amendment of the pleadings (*see* ECF No. 71), the Plaintiffs never attempted to amend their complaint as a matter of right, nor did they properly request leave to amend, pursuant to Rule 15 of the Federal Rules of Civil Procedure. Indeed, the Plaintiffs only requested they be permitted to amend the complaint in response to some of the motions to dismiss. (*See, e.g.* ECF Nos. 49, 76.) However, such a request is improper and ineffective. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (noting that where the only request to amend appears in an opposition to a motion to dismiss, the issue is not properly raised) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). Indeed, the rule in the Eleventh Circuit is that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented

by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Here, the Plaintiffs are represented by counsel and have not properly requested leave to amend.

Therefore, the Court **dismisses** this case **with prejudice**. The Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on June 4, 2018.

_____
Robert N. Scola, Jr.
United States District Judge