# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JAMES ERIC McDONOUGH,  
and VANESSA McDONOUGH,

CASE NO.: 1:17-cv-23227-RNS

      Plaintiffs,

v.

CITY OF HOMESTEAD, a Florida Municipal
Corporation, et al.,

      Defendants.
_____/

## DEFENDANTS MONROE COUNTY, SHERIFF RAMSAY, DEPUTY GOMEZ AND DEPUTY SCIBILIA'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

The Defendants MONROE COUNTY, RICK RAMSAY, individually and in his official capacity as Sheriff of Monroe County Florida, LUIS GOMEZ, individually and in his official capacity as a Monroe County Deputy Sheriff, and CHAD SCIBILIA, individually and in his official capacity as a Monroe County Deputy Sheriff ("Monroe Defendants"), by and through their undersigned counsel, file this their Motion to Determine Entitlement to Attorneys' Fees against Plaintiffs JAMES ERIC McDONOUGH and VANESSA McDONOUGH, and their attorneys, pursuant to Fed.R.Civ.P. 54 (d)(2), Title 42 U.S.C. Section 1988, 28 U.S.C. Section 1927, Fed.R.Civ.P. 11 and Local Rule 7.3, and would state as follows:

### PROCEDURAL HISTORY

As this Court noted in its Omnibus Order on Motions to Dismiss [DE 80], this case is "related and substantially indistinguishable to a case previously filed by the Plaintiff James Eric McDonough ("McDonough") before Judge Williams. *See McDonough v. City of Homestead,* No.

1

1:16-cv-24524-KMW. Indeed, the Plaintiffs attach Judge Williams's dismissal order to their complaint in this case." [footnote omitted]. [1]

Judge Williams dismissed Mr. McDonough's case on July 31, 2017 and denied his motion to vacate on August 8, 2017. The Plaintiffs filed this action [1:17-cv-23227-Civ-Scola] by way of Complaint [DE 1] on August 25, 2017. The Monroe Defendants filed their Motion to Dismiss the Plaintiffs' Complaint [DE 27] on November 27, 2017. [2]

This Court entered an Omnibus Order on Motions to Dismiss [DE 80] on June 5, 2018, granting among other pending motions, the Monroe Defendants' Motion to Dismiss with prejudice and directing the Clerk of Court to close the case. Therein this Court found that the Plaintiffs' Complaint, like the Complaint before Judge Williams, "is a tangled mess comprising 94 pages of incoherent and largely irrelevant conclusory allegations." In addition this Court found that the Complaint [DE 1] "is virtually incomprehensible because it is a shotgun pleading." This Court also found that "the complaint constitutes a particularly egregious example of shotgun pleading. Not only do the Plaintiffs reincorporate several counts into subsequent counts, each count in the complaint comprises multiple claims against multiple Defendants. The complaint is all the more unacceptable because the Plaintiffs are represented by counsel. Therefore, it is incumbent upon the Plaintiffs'

---

[1] Judge Williams dismissed Plaintiff's case for failing to file a second amended complaint [DE 51, 3 page order] noting that several grounds for dismissal existed, including the violation of a Court Order and the local rules for failing to file his amended complaint, and for failing to prosecute the action. In addition, Judge Williams denied Plaintiffs' Rule 60(b) Motion to Vacate Order Dismissing Case [DE 58, 7 page order] finding that the Plaintiff had failed to explain why he has repeatedly violated the Local Rules, and rejecting Plaintiff's attorney's argument that an amended complaint could not be filed in March of 2017 because his paralegal fell ill in May of 2017. Plaintiff has been represented by attorney Ostrow in both cases.

[2] The Monroe Defendants filed a Reply in Support of their Motion to Dismiss on December 22, 2017 [DE 53].

counsel to devote the necessary time to drafting a coherent and competent statement of his clients' claims and the facts supporting those claims."

This Court went on to find in its Omnibus Order [DE 80] that the Complaint contained numerous substantive deficiencies in as much as a majority of Plaintiffs' claims would be barred by the statute of limitations and that Plaintiffs failed to attempt to amend after the filing of numerous Motions to Dismiss, despite being represented by counsel. Ultimately, this Court dismissed the case with prejudice.

As the prevailing parties in this matter, the Monroe Defendants seek a determination from the Court regarding their entitlement to an award of attorney fees, pursuant to 42 U.S.C. §1988, 28 U.S.C. §1927 and/or Rule 11 of the Federal Rules of Civil Procedure. The nature of the law is such that it is not enough for the Monroe Defendants to show that they are prevailing parties to entitle them to an award of attorney fees. The Monroe Defendants must also show that the Plaintiffs' claims were frivolous, unreasonable or without foundation in order to support an award of attorney fees pursuant to 42 U.S.C. §1988. The Monroe Defendants must show that counsel multiplied the litigation unreasonably and vexatiously in order to support an award of attorney fees pursuant to 28 U.S.C. §1927. Finally, the Court would have to determine whether Plaintiffs' counsel violated Rule 11 by failing to conduct reasonable inquiry regarding the Plaintiffs' claims in order to determine that the claims where well grounded in fact, legally tenable and not interposed for any improper purpose. As a result of the fact that the law imposes these additional burdens upon a prevailing Defendant, the Monroe Defendants first seek an Order determining entitlement to fees. Should this Court determine that the Monroe Defendants are entitled to an award of attorney fees pursuant to any of the legal authorities cited above, the Monroe Defendants request a further opportunity to file

supporting billing records and affidavits in order to allow the Court to determine the amount to be awarded using the loadstar method. Should this Court determine that the Monroe Defendants are not entitled to an award of attorney fees under the applicable standards, then there would be no need for the Monroe Defendants to incur the expense of preparing supporting billing records and affidavits regarding the fees expended.[3]

Pursuant to Rule 54(d)(2)( C ), Defendants request that the Court initially determine their entitlement to the recovery of attorney fees before requiring submissions bearing on the issue of the reasonableness of the hourly rate charged and number of hours expended (loadstar method) by the attorneys representing the Monroe Defendants. Should the issue of entitlement to fees be decided in Defendants' favor, in whole or in part, the Monroe Defendants request further proceedings to determine the exact amount of fees that may be properly awarded.[4]

WHEREFORE, the Monroe Defendants respectfully request that this Court issue an Order finding that they are the prevailing parties in this action and that they are entitled to an award of their reasonable attorneys fees incurred in this case.

## ATTORNEY CONFERENCE CERTIFICATION

Counsel for the Monroe Defendants certifies that he conferred with Plaintiffs' counsel, who represents both Plaintiffs, and Mr. McDonough regarding the relief sought in this motion prior to filing this motion. Plaintiffs' counsel and Mr. McDonough both indicate that they object to the relief

---

[3] The Monroe Defendants expect that the fees sought would reach approximately $12,635.00 in this case.

[4] The Monroe Defendants can provide redacted billing records and affidavits from attorneys in the community supporting the hourly rate and the number of hours spent in this case. Pursuant to Local Rule 7.03, the Defendants submit that their fee agreement with the law firm of Purdy, Jolly, Giuffreda and Barranco, P.A., is based upon hourly rates of $184.00 per hour and $152.00 per hour depending upon the level of experience the attorney has.

4

sought herein.

Further, and in support of this Motion, the Monroe Defendants would refer this Honorable Court to the memorandum of law incorporated herein and by reference made a part hereof.

## MEMORANDUM OF LAW

### Law Regarding Defendants' Entitlement to Attorney's Fees

Federal law governs the award of attorney's fees under Fed.R.Civ.P. 54(d)(2)(A). Tang How v. Edward J. Gerris, Inc., 756 F.Supp. 1540, 1545 (S.D. Fla. 1991), aff'd 961 F.2d 174 (11th Cir. 1992). Fed.R.Civ.P. 54(d)(2)(A) states in pertinent part that claims for attorney's fees shall be made by motion filed with the District Court. Local Rule 7.3(a) instructs that all claims for attorney's fees should be filed by separate motion no later than sixty (60) days following the entry of final judgment or order giving rise to the claim.

In determining whether to award attorney's fees the District Court must first decide whether the Monroe Defendants were prevailing parties. Here, there is no question that the Monroe Defendants prevailed, as this Honorable Court granted their Motion to Dismiss the entire case with prejudice [DE 80].

Federal Statute 42 U.S.C. §1988(b) provides for attorney's fees to be awarded to the prevailing party in 42 U.S.C. §1983 causes of action, stating in pertinent part:

> "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....".

Although §1988 does not distinguish between Plaintiffs and Defendants, the federal courts have drawn a distinction in the awarding of attorney's fees to defending parties. In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978), the United States Supreme Court drew a

5

distinction, ruling that a prevailing Plaintiff ordinarily would be awarded attorney's fees in all but special circumstances, but for prevailing Defendants the District Court must find that the action was "frivolous, unreasonable, or without foundation, even though not brought in a subjective bad faith." Id. at 421.

In the case of Sullivan v. School Board of Pinellas County, 773 F.2d 1182 (11th Cir. 1985), the 11th Circuit held that under Hughes v. Rowe, 449 U.S. 5, 14-15 (1978) and Christiansburg, "a district court may in its discretion award attorney's fees to a prevailing defendant in a title VII or section 1983 action upon a finding that the Plaintiff's lawsuit was frivolous, unreasonable, or without foundation." (emphasis added). The Sullivan Court went on to articulate important factors to be considered in determining if a claim is in fact "frivolous": "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits." (emphasis added). Sullivan at 1189.

In the instant case, (1) the Plaintiffs have clearly not established a prima facie case and could not survive a Motion to Dismiss. In addition, Mr. McDonough essentially filed this case twice and in both instances his case was dismissed. Further, the Sullivan Court explained that the "cases where 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion.... " (emphasis added). Sullivan at 1189. The cases cited by the Sullivan Court are instructive regarding a further definition of exactly what the terms "frivolous unreasonable, or without foundation" mean. In the case of Beard v. Annis, 730 F.2d 741 (11th Cir. 1984), a case wherein an employee claimed racially motivated employment damages, the 11th Circuit held that the District Court did not abuse its discretion in finding that the suit was groundless, baseless and "frivolous." In Beard, the Defendants prevailed on summary judgment, and

6

the 11th Circuit took particular displeasure with the Plaintiff's use of depositions, citing to the plaintiff's "carefree use of the time and resources of the court and the defendant's lawyers..." Beard at 745. In an appeal of a Middle District of Florida case, Church of Scientology of California v. Cazares, 638 F.2d 1272 (11th Cir. 1981), the 11th Circuit again affirmed an award of attorney's fees to the defendant. Plaintiff had no material, admissible evidence to support her allegations of battery, civil rights claim for excessive force, and official capacity claim against the Sheriff, but rather relied solely upon purely conclusory statements and speculation. Id. In the case at hand, Plaintiffs' Complaint is completely frivolous, unreasonable, and groundless. [See, DE 80 Omnibus Order of Dismissal].

Moreover, Plaintiffs' actions constitute bad faith. "If a plaintiff is found to have brought or continued...a claim in bad faith, there will be an even stronger basis for charging him with attorney's fees incurred by the defense." Christiansburg, 434 U.S. at 422. Not only have the Plaintiffs filed a lawsuit containing incomprehensible claims against the Monroe Defendants, they did so despite the fact that many of the claims would be barred by the statute of limitations, and in the case of Mr. McDonough, after being put on notice by Judge Williams that his complaint was flawed and that he and his attorney had violated the rules and orders of the Court.  In fact, Plaintiffs filed this case just 17 days after Judge Williams denied Mr. McDonough's Motion to Vacate.  Clearly, the Plaintiffs and their counsel inexcusably proceeded with frivolous, groundless and incomprehensible claims against the Monroe Defendants, who understandably moved to dismiss this case and the case before Judge Williams.  Therefore, the Monroe Defendants are entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

## Defendants' attorney's fees should be assessed against the Plaintiffs' attorneys and/or the law firm

It is well established that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct". 28 U.S.C.§1927. Crenshaw v. City of Defuniak Springs, et al., 891 F.Supp 1548 (N.D.Fla. 1995). See, also, Sprint Solutions Inc., v. Fils-Amie, 83 F. Supp.3d. 1290 (S.D. Fla. 2015)[the Court has inherent power to award fees and costs for bad faith conduct]. The Eleventh Circuit has stated that Section 1927 allows a district court to "assess attorney's fees against litigants, counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991), cert. denied, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992). It is patently clear that, where an attorney or litigant has acted in an objectively unreasonable manner by engaging in "a serious and studied disregard for the orderly process of justice," a Court may impose sanctions under §1927. Pacific Dunlop Holdings, Inc., v. Barish, 22 F.3d 113, 119 (7th Cir. 1994) (citation omitted). Here, Plaintiffs' attorney's calculated and willful decision to continue prosecuting incomprehensible claims against the Monroe Defendants by filing essentially the same shotgun complaint as was filed in Judge Williams's Court demonstrates a serious disregard for the orderly process of justice. The Monroe Defendants are entitled to an award of attorney fees pursuant to 28 U.S.C. §1927.

Federal Rule of Civil Procedure Rule 11(b) states in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Here, the Monroe Defendants assert that the Plaintiffs and/or their attorneys have: (1) not made a reasonable "inquiry" which was reasonable under the circumstances; and (2) caused a needless increase in the cost of litigation by the effort to continue to prosecute incomprehensible claims, some of which were barred by the statute of limitations, in a shotgun pleading filed after dismissal of a nearly identical and equally flawed Complaint brought in another, but related case.

Although Rule 11 sanctions are usually filed as a separate motion during the course of litigation, there is precedent in the 11th Circuit for the filing of motions for attorney's fees which rely on the separate justifications of Rule 11 and the statutory authority of 42 U.S.C. § 1983 and 42 U.S.C. § 1988. In both the case of McGregor v. Board of Commissioners of Palm Beach County, 956 F.2d 1017 (11th Cir. 1992) and in Baker v. Alderman, 158 F.3d 516 (11th Cir. 1998), the 11th Circuit Court of Appeal "affirmed" the award of attorney's fees to defendants on motions that requested attorney's fees on combined motions based on Rule 11 and/or federal statute, in the Southern and Middle District Courts of Florida respectively. At the conclusion of a case, such as McGregor, Baker, and the instant case before this Court, it is a good use of judicial economy to

9

combine the basis of recovery of a requested award of attorney's fees.

The United States Supreme Court in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990), involved the voluntary dismissal of a case and the imposition of Rule 11 attorney's fees in favor of the Defendant noting that, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose. An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction. Such a sanction may... include payment of the other parties' expenses." (emphasis added). The Monroe Defendants contend that the Plaintiffs and their attorneys did not make "reasonable inquiry" into this case before filing or thereafter, or did make an inquiry and proceeded with this lawsuit despite the lack of supporting evidence or viable timely claims. In fact in this case the Plaintiffs and their counsel could not state a claim in a proper complaint that complies with the pleading standards established by the rules and applicable case law in two separate by related cases. [See, DE 80 Omnibus Order Dismissing this case].

Therefore, Rule 11 sanctions are warranted, especially here where attorney Ostrow was the attorney of record in this case and the case before Judge Williams.

## **Conclusion**

For the reasons stated in this motion, the Monroe Defendants' motion should be granted and this Court should establish a deadline for these Defendants to support the attorney fee request with billing records and affidavits. In addition, if the Court determines that the Monroe Defendants are entitled to an award of attorney fees, the Defendants will confer regarding the number of hours billed and the hourly rates charged in order to attempt to resolve that issue at that time.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was e-filed with the Clerk of Court via the CM/ECF system which will send a copy of the same to: **Gary S. Ostrow, Esq.**, Counsel for Plaintiffs, 3000 N.E. 30th Place, Suite 302, Ft. Lauderdale, Florida 33306, gostrow2@gmail.com; **Anne Reilly Flanigan, Esq. and Matthew Harris Mandel, Esq.**, Counsel for Homestead Defendants, 200 East Broward Boulevard, Suite 1900, Fort Lauderdale, FL 33301, mmandel@wsh-law.com, lbrewley@wsh-law.com, and areilly@wsh-law.com; **Alexander Dombrowsky, Esq.**, Counsel for Defendant Campbell Urgent Care, 150 South Pine Island Road, Suite 510, Plantation, FL 33324, adombrowsky@chl-law.com; **Brian Andrew Kirlew, Esq.,** counsel for Defendant E. Rodriguez, 2103 Coral Way, Suite 306, Miami, Florida 33145, brian@kirlewlawfirm.com; and **Erica Sunny Shultz Zaron, Esq.**, Counsel for Miami-Dade County Defendants, 111 N.W. 1st Street, Suite 2810, Miami, Florida 33128 this 20th day of June, 2018.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants *Monroe County,*
        *Ramsay, Scibilia & Gomez*
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        Email: richard@purdylaw.com

    BY:   *s/Richard A. Giuffreda*
            RICHARD A. GIUFFREDA
            Fla. Bar No. 705233