United States District Court
for the
Southern District of Florida

| James Eric McDonough and | ) | |
|---|---|---|
| Vanessa McDonough, Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-23227-Civ-Scola |
| | ) | |
| City of Homestead, and others, | ) | |
| Defendants. | ) | |

### Order on Motion for Reconsideration

The Plaintiff Eric McDonough proceeding pro se asks the Court to reconsider its order dismissing this case with prejudice (Order, ECF No. 80), and allow him to file an amended pleading. (Mot., ECF No. 88; ECF No. 89.) For the reasons that follow, the Plaintiff's motion (**ECF No. 88**) is **denied**.

Rule 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

In its Order, the Court dismissed the complaint with prejudice, noting that the Court is not required to grant leave to amend sua sponte when a party who is represented by counsel does not properly request leave to do so. (*See* ECF No. 80); *Wagner v. Daewoo Indus. Am. Corp.* 314 F.3d 541, 5421 (11th Cir. 2002).

From the beginning of this case until the end of last month, and in his earlier case before Judge Williams, the Plaintiff was represented by counsel. (*See* ECF No. 87.) In the instant motion, the Plaintiff takes issue with what he deems to be the Court's insufficient analysis of the issues raised in the six motions to dismiss filed by the Defendants in this case. In addition, the Plaintiff levels for the first time accusations of malpractice against his former attorney. (*See* Mot., ECF No. 88 at 7 ¶ 3.)

Upon review, however, the Plaintiff does not meet any of the factors required for this Court to grant a motion for reconsideration. The Plaintiff's arguments merely rehash issues that the Court has already considered, and he disagrees with the Court's evaluation of the facts, as well as the Court's application of the relevant law. However, disagreement with the Court does not support granting a motion to reconsider. *See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (Goodman, J.) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). Moreover, the Court recognizes that the Plaintiff's allegations regarding his former counsel's alleged misfeasance, if true, are deeply troubling; but, they do not provide a proper basis for disturbing the Court's Order—especially when the Plaintiff was represented by the same attorney in the substantially similar case that Judge Williams dismissed without prejudice for counsel's failure to comply with the Local Rules and court orders.

Accordingly, the Plaintiff's motion for reconsideration (**ECF No. 88**) is **denied**.

**Done and ordered** at Miami, Florida, on July 3, 2018.

_____
Robert N. Scola, Jr.
United States District Judge