UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-CV-23227-RNS

DR. JAMES ERIC MCDONOUGH,
VANESSA MCDONOUGH
                Plaintiffs,

v.

THE CITY OF HOMESTEAD, a Florida
Municipal corporation, et al.,

                Defendants.
_____/

### PLAINTIFF'S FORMER COUNSEL'S RESPONSE TO DEFENDANT CITY OF HOMESTEAD'S MOTION TO DETERMINE ENTITLEMENT TO SANCTIONS, PURSUANT TO 28 U.S.C. SECTION 1927, AND ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 1988

**COMES NOW**, Plaintiff's former counsel, Gary S. Ostrow, Esquire and his law firm, Gary S. Ostrow, P.A., (hereinafter "former counsel" or "former counsel's law firm") who files this response to the Defendant City of Homestead's Motion to Determine Entitlement to Sanctions and Attorney Fees as titled above (ECF 92). Plaintiff's former counsel states as follows:

1. In large measure, the City of Homestead's Motion to Determine Entitlement to Sanction and Fees filed on July 9, 2018 (ECF 92) makes the same arguments and cites the same case law as did the attorneys for Monroe County et al when they filed their Motion Seeking Entitlement to Fees (ECF 83) filed on June 20, 2018.

2. Undersigned counsel filed his timely Response in Opposition to Monroe County et al's Motion Seeking Entitlement to Fees on July 5, 2018 (ECF 91) and for the purposes of clarity and economy, former counsel adopts and incorporates his July 5,

1

2018 Response in Opposition to Monroe County et al's Motion Seeking Entitlement to Fees in all respects to the instant Verified Draft Motion filed by the City of Homestead's attorneys.

3. Additionally, however, in their Motion Seeking Entitlement to Sanctions and Fees from the Plaintiffs and Plaintiff's former counsel, the City of Homestead went a step further in their motion in that they included the amount of attorney fees and sanction they are seeking ($28, 193.00) and affidavits and hourly time sheets to support that request pursuant to the "lodestar" method as set forth in the relevant 11th Circuit case law on the subject of ascertaining the "reasonableness" of the requested attorney fees and costs.

4. Pursuant to that same 11th circuit case law and rule 7.3 of the local rules of procedure for the Southern District of Florida. it is incumbent on former counsel to review that provided documentation of "reasonableness" of the attorney fees sought and to put forth any relevant objections that former counsel may have to the submitted documents.

5. Accordingly, former counsel sets forth is first objection which is that the supporting documents provided by the City of Homestead's attorneys includes their hours worked on both the 2016 case, McDonough v. City of Homestead 16-CV-24524-KMW, as well as the instant case.

6. This is in clear violation of Judge Kathleen Williams' dismissal order without prejudice in the 2016 case (ECF 51) which states in part that "the respective parties shall bear their own attorney fees and costs." Please see a copy of Judge Williams' Order that is attached hereto and incorporated as Exhibit "A"

7. Therefore, any and all fees and costs attributable to work done on the 2016 case are not recoverable by the City of Homestead should this Court determine that attorney fees are in fact to be assessed against either the Plaintiffs or their former counsel.

8. Further, many of the submitted time sheets are redacted so that former counsel cannot reasonably ascertain the work done, time spent and what, if any impact or relevancy it had to the case at bar.

9. Finally, many of the time sheets submitted by opposing counsel seem to portend excessive time spent on minor projects and the "rebilling" for virtually the same service.

10. Due to the extensive nature of the submitted billing sheets, it would be necessary for former counsel to present his arguments as to each of the offending entries at an evidentiary hearing, should the Court find entitlement to fees in the instant case.

11. As to an additional ground against former counsel or for that matter the Plaintiff's in this case, former counsel would opine that his review of the documentation provided by the City of Homestead's attorneys show that one of Homestead's attorneys, Matthew Mandel, approached the Plaintiff about the possibility of reaching a "global settlement" regarding this case and other pending cases against the City of Homestead involving Plaintiff McDonough.

12. As argued and substantiated in far greater detail in former counsel's Response to Monroe County's Motion for Entitlement to Fees, one important factor that the Courts look to in determining the reasonableness of the Plaintiff's claims in determining the issue of entitlement to attorney fees by the prevailing party is

whether or not there was an offer of settlement or perhaps settlement negotiations between the parties.

13. Former counsel therefore maintains that if Mr. Mandel was discussing the possibility of a "global settlement" with the Plaintiffs I this and other cases, the Court should consider this in determining whether or not the case at bar was frivolous. It stands to reason that veteran counsel would not seek settlement of a matter that he reasonably believed was frivolous in nature and otherwise without merit.

14. This was not argued by former counsel in greater detail in his original response (ECF 91) only because former counsel was not in possession of Mr. Mandel's information at the time the Response (ECF 91) was filed on July 5, 2018.

## CONCLUSION

For the reasons and arguments set forth in this motion, Plaintiff's former counsel and his law firm should not be held liable nor responsible for the City of Homestead Defendant's legal fees or costs that were incurred as a result of this litigation.

## CERTIFICATE OF SERVICE

**I HEREBY CERIFY** that a copy of the foregoing was e-filed with the Clerk of Court via the CM/ECF system which will send a copy of the same to: Anne Reilly Flanigan, Esq. and Matthew Harris Mandel, Esq., Counsel for the Homestead Defendants, 200 E. Broward Boulevard, Suite 1900, Fort Lauderdale, FL 33301, mmandel@wsh-law.com, lbrewley@wsh-law.com, areilly@wsh-law.com; Alexander Dombrowsky, Esq. Counsel for Defendant Campbell Urgent Care, 150 S. Pine Island road, Suite 510, Plantation, FL 33324, Brian Andrew Kirklew, Esq, counsel for Defendant E. Rodriguez, 2103 Coral Way, Suite 306, Miami, FL 33145, brian@kirklewlawfirm.com and Erica Sunny Shultz Zaron, Esq., Counsel for Miami-Dade County Defendants, 111 NW 1st Street, Suite 2810, Miami, FL 33128 and Vanessa and James Eric McDonough, pro se, at 32320 SW 119th Avenue, Homestead, FL 33030, phd2b05@gmail.com on this 23rd day of July 2018

Respectfully Submitted,

THE LAW FIRM OF GARY S. OSTROW, P.A.
*Counsel for Plaintiff*
Intracoastal Building, Suite 302
3000 N.E. 30th Place
Fort Lauderdale, FL 33306
Telephone:    (954) 566-4033
Facsimile:    (954) 566-1021
Gostrow2@gmail.com


By: /s/ Gary Ostrow
GARY S. OSTROW, ESQ.
Florida Bar No.: 354694

5