UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-24524-CIV-WILLIAMS

JAMES ERIC MCDONOUGH,

    Plaintiff,

vs.

CITY OF HOMESTEAD, et al.

    Defendants.
_____/



EXHIBIT "A"

## ORDER DISMISSING CASE

**THIS MATTER** is before the Court on a *sua sponte* review of the record. Plaintiff, represented by counsel, commenced this case by filing his Complaint on October 28, 2016. (DE 1). On January 26, 2017, Plaintiff filed his ninety-two page First Amended Complaint (FAC) asserting fifty-nine claims against approximately forty defendants. (DE 44). An incoherent collection of disjointed stories, the FAC is extremely difficult to decipher. In response, most of the defendants filed motions to dismiss identifying the countless ways the FAC is procedurally and substantively improper. *See e.g.*, (DE 27, 34, 35, 36, 42, 44).

After the motions had been filed (most sought dismissal with prejudice), Plaintiff filed a motion for leave to file a second amended complaint on March 28, 2017. (DE 43). Plaintiff requested ten days to file his Second Amended Complaint. (*Id.*). On May 19, 2017, Magistrate Judge Torres entered a paperless Order granting Plaintiff's motion for leave to amend. (DE 50). The paperless Order included a notice from the Clerk

stating that Plaintiff "must separately and timely re-file the amended pleading pursuant to Local Rule 15.1."[1] (*Id.*).

To date, Plaintiff has not filed his amended pleading. Indeed, Plaintiff has made no record activity since his March 28 motion for leave to amend, and nothing in this case has happened since the court's May 19 Order granting Plaintiff leave to amend.

"It is clear that a district court does, and indeed must, have the power to control and direct the cases on its docket. It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). The circumstances here present multiple grounds for dismissal. Plaintiff has violated Court order and the Local Rules by failing to timely submit an amended complaint, and Plaintiff has similarly failed to diligently prosecute his claims. A cursory review of Plaintiff's FAC also indicates that many of Plaintiff's claims are frivolous. Although some of Plaintiff's claims may survive if they are properly pled in an amended pleading, his opportunity to do so here has expired.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE**, each party to bear its own attorneys' fees and costs. All pending motions are **DENIED AS MOOT**. All hearings, trial settings, and deadlines are **CANCELED**. The Clerk is directed to **CLOSE** this case.

---

[1] Local Rule 15.1 requires a party moving to amend a pleading to attach a copy of the proposed amended pleading to the motion to amend. Plaintiff failed to do so. The Local Rule also provides that once the "motion to amend is granted, the amended pleading shall be separately filed and served *forthwith*." (emphasis added).

2

**DONE AND ORDERED** in chambers in Miami, Florida, this 26 day of July, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE