United States District Court
for the
Southern District of Florida

| James Eric McDonough and | ) | |
|---|---|---|
| Vanessa McDonough, Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-23227-Civ-Scola |
| | ) | |
| City of Homestead, and others, | ) | |
| Defendants. | ) | |

## Order Denying Motion to Suspend Court's July 3, 2018 Order and Motion to Alter Or Amend Judgment, for Relief From Judgment, and For Leave to File Proposed Amended Complaint

The Plaintiff Eric McDonough proceeding pro se requests that the Court again reconsider its order dismissing this case with prejudice (ECF No. 80) and denying reconsideration of that order (ECF No. 90), and allow him to file an amended pleading. (Mot., ECF No. 104.) For the reasons that follow, the Plaintiff's motion (**ECF No. 104**) is **denied**.

First, the Court notes that it already denied the Plaintiff's previous request under Rule 59(e). Therefore, the Court will not reconsider its previous order denying reconsideration.

Nevertheless, the Plaintiff contends that he is entitled to relief from the Court's order pursuant to Rule 60(b)(1) or 60(b)(6). Rule 60(b) permits a court to relieve a party from a final judgment or order upon several enumerated grounds. *See* Fed. R. Civ. P. 60(b)(1)-(6). Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). Whether to grant relief pursuant to Rule 60(b) is a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

McDonough contends that he is entitled to relief under Rule 60(b) because he failed to attach his proposed amended pleading and supporting documentation

to his original motion for reconsideration, and that such failure constitutes mistake, inadvertence, or excusable neglect, and that the Court's consideration of these materials would necessarily alter the Court's ruling. Upon review, McDonough is not entitled to relief under either provision of Rule 60(b).

This is the second time the Plaintiff is expressing his disagreement with the Court's order of dismissal and its reasoning, which the Court has already noted is not a proper basis for reconsideration of its orders or other relief. (*See* ECF No. 90.) Once again, the motion restates and expounds upon McDonough's previous arguments and improperly urges the Court to rethink previous decisions.

In addition, "[t]o obtain relief under 60(b), a party must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir.1986). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999). In other words, leave to amend should be denied when the complaint as amended "would necessarily fail." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006) (citation omitted). Upon review of the Plaintiff's proposed amended pleading (ECF No. 104 at 23-133) it is clear that it suffers from the same deficiencies noted in the Court's order of dismissal, and would therefore be subject to dismissal itself. (*See* ECF No. 80.) The Court is mindful of the fact that the Plaintiff is a pro se litigant; however, his pro se status "does not give [the] court[] license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)*, overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)*.

Accordingly, the Plaintiff's motion (**ECF No. 104**) is **denied**.

**Done and ordered** at Miami, Florida, on August 1, 2018.

Robert N. Scola, Jr.
United States District Judge