UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23227-Civ-SCOLA/TORRES

JAMES ERIC McDONOUGH,
and VANESSA McDONOUGH,

    Plaintiffs,

v.

CITY OF HOMESTEAD, a Florida Municipal
Corporation, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANTS'
## MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES

This matter is before the Court on Defendants' motion to determine their entitlement to attorney's fees[1]. [D.E. 83]. Monroe County, Rick Ramsay, Luis Gomez, and Chad Scibilia ("Monroe Defendants"), move pursuant to Federal Rules of Civil Procedure 11 and 54(d)(2), 42 U.S.C. §1988, 28 U.S.C. §1927, and Local Rule 7.3, against Plaintiffs James Eric McDonough and Vanessa McDonough ("Plantiffs"), and their former counsel, Gary S. Ostrow, and his law firm, Gary S. Ostrow P.A. ("Former Counsel"). After careful consideration of the motion,

---

[1] Pursuant to Rule 54(d)(2)(C), the Monroe Defendants request that this Court initially determine their entitlement to the recovery of attorney fees before requiring submissions bearing on the issue of the lodestar method by the attorneys representing the Monroe Defendants. The Monroe Defendants estimate that the fees sought approximate $12,635.00.

1

responses, replies, supplemental authorities, and the record, the Monroe Defendants' motion is **GRANTED**.

## I. BACKGROUND

On August 25, 2017, Plaintiffs and their Former Counsel filed a complaint against Defendants. [D.E. 1]. In the Omnibus Order granting Defendants' motions to dismiss [D.E. 80], Judge Scola found that this case is "related and substantially indistinguishable to a case previously filed by Plaintiff James Eric McDonough before Judge Williams." *McDonough v. City of Homestead*, No. 1:16-cv-24524-KMW. On November 27, 2017, the Monroe Defendants filed their motion to dismiss Plaintiffs' complaint. [D.E. 27]. On June 5, 2018, Judge Scola granted the Monroe Defendants' motion to dismiss with prejudice. [D.E. 80].

On June 20, 2018, the Monroe Defendants filed their motion to determine their entitlement to fees. [D.E. 83]. On July 5, 2018, Former Counsel filed a response [D.E. 91], and on July 10, 2018 Plaintiffs filed a *pro se* motion in response [D.E. 94]. On July, 12, 2018, the Monroe Defendants replied to Former Counsel [D.E. 97], and on July 17, 2018, the Monroe Defendants replied to Plaintiffs [D.E. 98].

## II. ANALYSIS

### A. *Consideration of Rule 11*

Rule 11(b) of the Federal Rules of Civil Procedure imposes a duty upon attorneys and parties to refrain from filing or pursuing frivolous claims. *See* Fed. R. Civ. P. 11(b). Rule 11 sanctions are proper:

> (1) [W]hen a party filed a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith or an improper purpose.

*Williams v. Carney*, 266 Fed. App'x. 897, 898 (11th Cir. 2008) (citing *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003)). The plain language of Federal Rule of Civil Procedure 11 merely requires "papers" to be "present[ed]" to the court, and it is well established that Rule 11 applies to all papers filed in a suit. *See, e.g., Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 870, 873 (5th Cir. 1988) (en banc) (citing Fed. R. Civ. P. 11).

Rule 11(c) provides that a court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation," which may include "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). Rule 11 also imposes certain obligations on aggrieved parties before Rule 11 sanctions are awarded. In 1993, Congress amended Federal Rule 11 to provide that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A); *see also* Fed R. Civ P. 11 Adv. Committee Notes ("These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not

3

be subject to sanctions on the basis of another party's motion unless, after receiving the motion it refuses to withdraw that position."); *Kaplan v. Daimlerchrysler*, 331 F.3d 1241, 1255 (11th Cir. 2003) ("That provision [Rule 11(c)(1)(A)] ordinarily gives a lawyer or litigant 21 days within which to correct or withdraw the challenged submission."). And though the Federal Rules of Civil Procedure should generally be liberally construed, they "should not be expanded by disregarding plainly expressed limitations." *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964).

Both Plaintiffs and Former Counsel claim that, under Rule 11, the Monroe Defendants are not entitled to a determination of attorney's fees because the Monroe Defendants failed to submit a "safe harbor" letter or a proposed motion during the course of litigation. The Monroe Defendants concede that no "safe harbor" letter or a proposed Rule 11 motion was filed in their case. However, the Monroe Defendants are now disclaiming an award of attorney's fees under Rule 11, in contrast to the fees they seek under 42 U.S.C. §1988 and 28 U.S.C. §1927. Thus, we will turn to the analysis of those particular provisions.

### B. *Entitlement under 42 U.S.C. §1988*

Under 42 U.S.C. §1988,[2] a "prevailing party" is entitled to an award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 433 (1983). The Monroe Defendants are the prevailing party in this case because Judge Scola granted their motion to

---

[2] Most of Plaintiffs claims arise under 42 U.S.C. §1983. [D.E. 1]. The Court may award attorney's fees to the prevailing party in any action or proceeding that enforces §1983. *See* 42 U.S.C. §1988 (2000).

dismiss with prejudice. [D.E. 80]. But, to award fees under section 1988 in favor of a prevailing defendant, the Supreme Court has also required that the action be deemed "frivolous, unreasonable, or without foundation, even though not brought in a subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

In determining whether a claim is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). Additional factors to consider include are "1) whether the plaintiff established a prima facie case, 2) whether the defendant offered to settle, and 3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits." *Sullivan*, F.2d at 1189.

Our review of this record shows the action against the Monroe Defendants was "unreasonable or without foundation" because the majority of Plaintiffs' claims are premised upon events occurring beyond the applicable statute of limitations.[3] Indeed, the District Judge found as much in the Order dismissing the action: "the majority of Plaintiffs' claims appear to be premised upon events occurring beyond the applicable four-year statute of limitations." [D.E. 80] (citing Fla. Stat.

---

[3] We note that Plaintiffs' complaint [D.E. 1] was a 94-page document with 32 causes of action.

5

§95.11(3)(p); *see also Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010) ("All constitutional claims brought under section 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §1983 action has been brought.")).

A facially-time barred claim can be grounds for an award of fees under section 1988. In *Quinto v. Universal Parking of Florida, LLC*, for instance, our Court held a plaintiff's action as frivolous under the *Sullivan* standard because the plaintiff's claims were barred by the applicable statute of limitations, there was no settlement offer, and the case was dismissed prior to trial. 2016 WL 8739323 (S.D. Fla. Sept 29, 2016). Pointing to case such as *Quinto*, Defendants claim that Plaintiffs' complaint was frivolous under the *Sullivan* factors because Plaintiffs and Former Counsel prosecuted a time-barred action, failed to establish a prima facie case, received no settlement offers, and could not proceed to a trial on the merits. *Sullivan*, 773 F.2d at 1189.

Notwithstanding the facially time-barred complaint, Plaintiffs oppose the motion based on the advice they received from Former Counsel and their "good faith and reasonable belief that equitable tolling and/or the continuing conspiracy doctrine would apply to all of the claims." [D.E. 94]. Former Counsel adds that his legal theory was premised on the conclusion that the "statute of limitations is governed by the date of the last act in furtherance of the conspiracy, which is well within the statute of limitations on all counts." [D.E. 91].

Fair enough, if the claim at issue was just that – a cause of action for conspiracy. A review of the complaint shows, however, that almost all of the claims were direct constitutional tort claims for incidents that occurred in 2012. And the remaining "conspiracy" claims were actually disparate events that occurred in 2013 and 2014, most of whom also were time-barred and all of whom would have no proximate connection with what allegedly occurred in 2012. So, despite the hodge-podge of allegations thrown in the mix, when one boils the complaint down to its essence the claims are almost all stale and time-barred *on the face of the complaint.*

Apart from that, Plaintiffs and Former Counsel were also given notice as to how to amend their complaint to state viable claims when Judge Williams dismissed their first case without prejudice. When Plaintiffs and Former Counsel filed their second lawsuit, they failed to correct the errors previously identified. Plaintiffs[4] and their Former Counsel filed complaints in two separate actions, and yet in both cases the complaints were properly dismissed. So by failing to survive motions to dismiss on two occasions, Plaintiffs and Former Counsel satisfy two of the *Sullivan* factors.

Therefore, the Monroe Defendants, as prevailing defendants, are entitled to an award of attorney's fees under 42 U.S.C. §1988 because the second action against

---

[4] Vanessa McDonough only participated as a plaintiff in this case, whereas James Eric McDonough and Former Counsel participated in both cases. On June 22, 2018, Former Counsel withdrew as Plaintiffs' attorney of record.

7

them is "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421.

### C. *Entitlement under 28 U.S.C. §1927*

A district court's authority to issue sanctions under section 1927 is either broader than or equally as broad as a court's authority to issue sanctions under its inherent powers. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005). Sanctions are appropriate under 28 U.S.C. § 1927 where "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." There are three essential requirements that must be satisfied with respect to a fee award under section 1927. As the Eleventh Circuit has explained:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs, expenses, and attorney's fees reasonably incurred because of such conduct.

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (citations and quotation marks omitted).

The first requirement is satisfied "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (citation omitted). In fact, "an attorney's conduct must be particularly egregious to warrant the imposition of

8

sanctions" because the "attorney must knowingly or recklessly pursue a frivolous claim." *Id.* (emphasis in original) (citation omitted). Negligent conduct, standing alone, will not suffice as "something more than a lack of merit is required." *Id.* (citation omitted). The second requirement, relating to multiple proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396). As for the final requirement, any sanction award must not be excessive in relation to the underlying misconduct. This final consideration is not ripe for consideration because we are only addressing here the initial entitlement question. The determination of a permissible fee will have to be decided at a later stage of the proceeding.

Applying these principles, the first requirement is satisfied because the original complaint "constitutes a particularly egregious example of [a] shotgun pleading. Not only do the Plaintiffs reincorporate several counts into subsequent counts, each count in the complaint comprises multiple claims against multiple Defendants." [D.E. 80]. It is the responsibility of counsel to draft coherent and competent pleadings that are supported by facts and law. As Judge Scola determined, "[i]t certainly is not the Court's responsibility to attempt to discern potential causes of action from a hodgepodge of allegations haphazardly strewn together." [D.E. 80]. Former Counsel admits that the complaint suffered from numerous defects, but argues that "the core facts and circumstances of the [complaint] entitled them to relief." [D.E. 91]. Former Counsel's argument is an

9

unpersuasive excuse for the failure to present a coherent complaint to the Court that could possibly satisfy the threshold plausibility requirement.

The second requirement is satisfied because Former Counsel was fully on notice of the defects in the case after having filed a substantially similar – and equally flawed – complaint in the prior case. When Judge Williams dismissed[5] the first case against Defendants, she held that "although many of Plaintiff's claims are frivolous, some of the Plaintiff's claims may survive if they are properly pled in an amended pleading." [D.E. 51].

Having had that benefit of that analysis, it is not defensible for Former Counsel to then turn around and file a "substantially indistinguishable" complaint in this second action. [D.E. 80]. Courts evaluating these types of situations often find that section 1927 sanctions should then follow. *See, e.g., Jolly Grp., Ltd. v. Medline Indus., Inc.,* 435 F.3d 717, 721 (7th Cir. 2006) (affirming attorneys' fees under section 1927: "Based on our review of the record, we think the court drew a sensible and proper distinction between Rovell's advocacy before dismissal, doomed as it might have been, and his decision after dismissal to continue inflicting motions on his adversary and the court.").

For instance, in *Fitzgerald v. Regions Bank*, the Court imposed sanctions under Rule 11 and 28 U.S.C. §1927 because the plaintiff filed an amended

---

[5] Specifically, Judge Williams dismissed the prior case for: 1) failing to file a second amended complaint, 2) failing to prosecute the action, 3) violating a court order, and 4) violating the Local Rules [D.E. 51].

complaint that reiterated the same legal theories that were rejected by the court in a previous litigation involving the same parties. 2014 WL 129066, at *5 (M.D. Fla. Jan. 14, 2014) ("Remarkably, Plaintiffs continue to reiterate the same legal theories that have already been rejected in this case and similar actions in their Objections to the sanctions motion."); *see also, Barrios v. Regions Bank*, 2013 WL 12156675, at *6 (M.D. Fla. August 21, 2013) ("Plaintiff and [Plaintiff's counsel] were repeatedly advised—both by Defendant and the Court—that Plaintiff's claims were frivolous. Nonetheless, Plaintiff proceeded with this action and Defendant was forced to defend against this frivolous claim."); *Calderon v. Merch. & S. Bank*, 2013 WL 5798565, at *1 (M.D. Fla. Oct. 28, 2013) ("[Plaintiff's counsel] continued to pursue Plaintiffs' claims even after . . . . this Court found Plaintiffs lacked standing, and after this Court rejected Plaintiffs' legal theory in the other related cases.").

Former Counsel's repeated failure to properly amend the complaint resulted in yet another dismissal of Plaintiffs' case. [Case No. 16-24524-CIV-WILLIAMS/Torres, D.E. 51; Case No. 17-23227-CIV-SCOLA/Torres, D.E. 80]. That unwarranted failure resulted in unnecessary multiplication of proceedings – precisely the reason why section 1927 is triggered. Former Counsel argues in opposition that Plaintiffs did not amend the complaint because they wanted "the input of the Court's Order on the Defendants' motions to dismiss and the Plaintiffs' responses thereto" prior to amendment. [D.E. 91]. This too is highly unpersuasive and indefensible. Former Counsel's argument is simply not tenable where the request to amend first appears in an opposition to a motion to dismiss. In that case

11

the issue is not properly raised and cannot constitute a persuasive defense to appropriate sanctions. *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018).

Based on the record presented here, Former Counsel is liable for reimbursement of attorneys' fees that resulted from such vexatiousness. *See, e.g., Kent v. Bank of America, N.A.,* 518 F. App'x 514, 516-17 (8th Cir. July 26, 2013) (affirming attorneys' fee award based where counsel voluntarily dismissed first lawsuit and refiled complaint that "did not have a proper purpose and constituted forum shopping. The district court could 'ascertain no credible reason' as to why the Appellants dismissed and immediately refiled this lawsuit. Indeed, the district court rejected the Appellants' argument that the purpose of the dismissal was to amend the complaint because the only changes were 'incidental.' "); *Catz v. Chalker,* 2007 WL 3171383, at *7 (D. Ariz. Oct. 26, 2007) (awarding sanctions under section 1927: "The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed. . . . In the present case, the Court's finding that Plaintiffs' claims were precluded by previous litigation could not have been a surprise to Plaintiffs, since the Sixth Circuit had already reached the same conclusion. In addition, the district court essentially warned Plaintiffs not to re-assert claims barred by previous litigation when it ordered Plaintiffs to file amended complaints that eliminated allegations and claims that were barred . . . ."); *Carr v. Times Picayune Pub. Corp.,* 619 F. Supp. 94, 98 (E.D. La. 1985) ("Plaintiff has unreasonably increased litigation cost and clogged

the judicial system by instituting this suit which merely duplicates the previously dismissed action and which is nothing more than a facile attempt to circumvent plaintiff's abject failure to abide by this Court's order to amend the Complaint in Civil Action 83–5229. Such an unwarranted litigation practice demands the application of sanctions under Rule 11 as well as under 28 U.S.C. § 1927.").

Here, Judge Scola indeed found Former Counsel's request to amend improper and ineffective. [D.E. 80]. In his Omnibus Order granting defendants' motions to dismiss, Judge Scola held Plaintiffs' complaint because it was "a tangled mess comprising 94 pages of incoherent and largely irrelevant conclusory allegations." Judge Scola also found that "[Defendants] identified countless procedural and substantive improprieties, not the least of which is the fact that the complaint is virtually incomprehensible because it is a shotgun pleading." Judge Scola specifically criticized Former Counsel for not devoting the "necessary time to drafting a coherent and competent statement of his clients' claims and the facts supporting those claims." And aside from finding the complaint to be a defective shotgun pleading that should have previously been amended, Judge Scola ultimately concluded that most of Plaintiffs' claims were barred under the applicable statute of limitations, and otherwise the remaining claims failed to state a viable cause of action.

Therefore, Former Counsel's justification for not properly amending Plaintiffs' complaint carries no water. Former Counsel proceeded in headstrong fashion with the original complaint in the face of multiple motions to dismiss that

he knew or should have known would be forthcoming. And he did so despite being warned repeatedly as to the series defects in his pleadings, both in the earlier motions to dismiss and in Judge Williams' Order. Former Counsel's repeated failure to draft a coherent or viable complaint is the reason for the unnecessarily drawn-out proceedings that resulted, "which would not have been conducted otherwise." *Peterson*, 124 F.3d at 1396. Former Counsel's steadfastness is inexcusable particularly where Former Counsel had sufficient notice and time to implement the changes suggested in the prior case before initiating a new lawsuit.

Without any further discussion, the Monroe Defendants have established a prima facie basis for entitlement to attorneys' fees under section 1927. But there is more. A finding of vexatiousness also follows from Former Counsel's insistence on proceeding with tort claims that were so glaringly time-barred. As we discussed in the preceding section dealing with entitlement to fees under section 1988, the complaint reveals that almost all of the claims were direct constitutional tort claims for incidents that occurred in 2012. And the remaining "conspiracy" claims were actually disparate events that occurred in 2013 and 2014, most of whom also were time-barred and all of whom would have no proximate connection with what allegedly occurred in 2012. As Judge Scola concluded, virtually the entire complaint was time-barred on its face.

In light of this finding, Former Counsel's insistence on proceeding with this second action unnecessarily multiplied the proceedings. Sanctions under section 1927 are also appropriate on this basis. *See, e.g., McConnell v. Critchlow,* 661 F.2d

116, 118 (9th Cir. 1981) (awarding attorneys' fees in part under section 1927 for vexatiousness: "Although the result as to the governmental parties in this appeal was not obvious at the outset, the appeal was frivolous as to the individual defendants. The claims against them were clearly barred by limitations, . . ."); *Reynolds v. U.S. Capitol Police Bd.,* 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (awarding attorneys' fees under Rule 11 and section 1927: "[R]ather than address the clearly dispositive issue in this case—the timeliness of his claims—the plaintiff and his counsel chose instead to present a battery of frivolous legal arguments regarding tolling of statutes of limitations in class action cases."); *cf. Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003) (reversing award of fees where counsel reasonably relied on representations of foreign lawyer, but acknowledging that a "determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.").

In particular, the Eleventh Circuit decision affirming sanctions under section 1927 in *Byrne v. Nezhat,* 261 F.3d 1075 (11th. Cir. 2001), compellingly illustrates why sanctions are also warranted here. In that case, the core of which included one plausible medical malpractice claim, plaintiffs threw in the kitchen sink (including fraud and RICO claims) in a 32-page, 126 paragraph complaint that the Court described as a prototypical shotgun complaint. After protracted litigation, the complaint was ultimately dismissed on all but one count. And the district court entered attorneys' fees sanctions against the plaintiff and counsel, in part because

(1) the shotgun pleading included claims that were clearly time-barred, (2) the response to the motion to dismiss advanced frivolous tolling arguments, and (3) frivolous claims were pursued in both the original and amended complaint even though plaintiff and counsel on notice of the deficiencies in each. *Id*. at 1121-22.

On appeal, the Eleventh Circuit affirmed the dismissal of that complaint, finding that district courts faced with such shotgun pleadings should dismiss them and instruct counsel to replead the case. "[I]f the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading, or depending on the circumstances, dismiss his case *and consider the imposition of monetary sanctions.*" *Id.* at 1133 (emphasis added). As for the monetary sanctions that the district imposed in the case, the Court affirmed with respect to the section 1927 sanctions against counsel based on the time-barred and frivolous claims included in the amended pleading: "Despite concerns expressed by the defendants and the court regarding the baseless allegations in the complaint, [counsel] realleged and repled most of those allegations in the amended complaint, thereby forcing the defendants to respond to the same claims a second time." *Id*. at 1116-17 ("Given such conduct, we would be remiss if we did not affirm the district court's imposition of monetary sanctions against [counsel] under section 1927 and the court's inherent power as well as under Rule 11.").

Though *Byrne* was in part abrogated on other substantive grounds unrelated to the sanctions issue, *see Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639 (2008), the analysis of the dismissal and sanction issues relevant to this case

remains very much good law. *Byrne* in fact was just re-approved and followed by the Eleventh Circuit last month in *Jackson v. Bank of America, N.A.,* 898 F.3d 1348, 1358, 1360 (11th Cir. 2018), and specifically with respect to the imposition of monetary sanctions in that case where plaintiff's counsel, "in responding to the District Court's order requiring a repleader, he stood fast, brazenly filing a facsimile of his initial pleading."

Former Counsel here was working off the same playbook as the lawyers in *Byrne* and *Jackson*. Counsel was expressly made aware of the many defects in his original pleading, both by the original motions to dismiss and Judge Williams's Order. Undeterred, "he stood fast, brazenly filing a facsimile of his initial pleading" albeit before a new judge. Following settled Eleventh Circuit caselaw, Judge Scola dismissed this "incomprehensible" amended complaint. Because we are bound by the same caselaw with respect to the section 1927 motion now pending before us, we similarly must impose monetary sanctions, in the form of a reasonable fee award, to compensate for the time and expense incurred by Defendants in responding "for a second time" to a new complaint that was as defective as the original.Therefore, the Monroe Defendants are entitled to an award of attorney's fees under 28 U.S.C. §1927, and their motion for a determination on their entitlement to attorney's fees is hereby **GRANTED**.

### IV. CONCLUSION

Based on the foregoing considerations, the Monroe Defendants' motion to determine entitlement to attorney's fees [D.E. 83] is **GRANTED**. The Monroe

Defendants shall file their motion for a determination of award for attorney's fees within thirty (30) days, including any supporting documentation necessary to determine the hourly rate and number of hours reasonably expended. The Monroe Defendants should first confer with Plaintiffs and Former Counsel with respect to the amount sought to reach agreement if possible. The Court will then determine what attorneys' fees are compensable, in light of this entitlement order, and issue a Report and Recommendation to that effect. Any objections to the entitlement issue are stayed. If any party desires to appeal the entitlement question, such appeal may be preserved by filing timely objections to the final Report and Recommendation. No objections or appeal need be filed to this Order as it is only a preliminary determination with instructions for the parties to complete briefing on the Defendants' request for fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of September, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge