## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23227-Civ-SCOLA/TORRES

JAMES ERIC MCDONOUGH and
VANESSA MCDONOUGH,

      Plaintiffs,

v.

CITY OF HOMESTEAD, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON THE MONROE DEFENDANTS' MOTION FOR SANCTIONS AND ATTORNEYS' FEES

This matter is before the Court on Defendants' motion to determine the amount of attorneys' fees that they are entitled to as the prevailing party in this case. [D.E. 124]. Monroe County, Rick Ramsay, Luis Gomez, and Chad Scibilia ("Monroe Defendants"), move pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Local Rule 7.3, against Plaintiffs James Eric McDonough and Vanessa McDonough ("Plaintiffs"), and their former counsel, Gary S. Ostrow, and his law firm, Gary S. Ostrow P.A. ("Former Counsel"). After careful consideration of the motion, responses, replies, supplemental authorities, and the record, the Monroe Defendants' motion should be **GRANTED**.

1

## I.  BACKGROUND

On August 25, 2017, Plaintiffs and their Former Counsel filed a complaint against Defendants.  [D.E. 1].  In the Omnibus Order granting Defendants' motions to dismiss [D.E. 80], Judge Scola found that this case is "related and substantially indistinguishable to a case previously filed by Plaintiff James Eric McDonough before Judge Williams."  *McDonough v. City of Homestead*, No. 1:16-cv-24524-KMW. On November 27, 2017, the Homestead Defendants filed their motion to dismiss Plaintiffs' complaint.  [D.E. 27].  On June 5, 2018, Judge Scola granted the Monroe Defendants' motion to dismiss with prejudice.  [D.E. 80].  On June 20, 2018, the Monroe Defendants filed their motion to determine their entitlement to fees.  [D.E. 83].  We granted that motion on September 25, 2018.  [D.E. 118].  Therefore, the Monroe Defendants' motion is ripe for disposition.

## II.  ANALYSIS

The Monroe Defendants, as prevailing parties, seek attorneys' fees against Plaintiffs pursuant to 42 U.S.C. § 1988 and against Former Counsel pursuant to 28 U.S.C. § 1927.  On September 25, 2018, we held that the Monroe Defendants were entitled to fees and costs under 42 U.S.C. § 1988 because the second action against them was "frivolous, unreasonable, or without foundation."  *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). We also found that the Monroe Defendants were entitled to sanctions under 28 U.S.C. § 1927 because Former Counsel filed a prior lawsuit and was made aware of

2

the defects in his original pleading when Judge Williams dismissed the case without prejudice. Undeterred, Former Counsel filed a second action without correcting the errors previously identified. That is, Plaintiffs and Former Counsel filed complaints in two separate actions, and yet in both cases the complaints were properly dismissed. So, by failing to survive motions to dismiss on two occasions and unnecessarily multiplying these proceedings, we held that Plaintiffs and Former Counsel met the standard for fees under both 42 U.S.C. § 1988 and U.S.C. § 1927. Therefore, we must now determine an appropriate fee award for the Monroe Defendants.

### A. *The Lodestar Method of Determining Reasonable Fees*

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably

3

expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299*; Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299-1302 (11th Cir. 1988). It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,*

4

918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### B. *Reasonable Hourly Rates*

The reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU,* 168 F.3d at 427 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc*. The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak

5

to rates actually billed and paid in similar lawsuits.").[1]  Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

The Monroe Defendants seek a fee award in the amount of $17,928.60 for attorneys' fees incurred since the inception of this litigation on August 25, 2017.  The law firm of Purdy, Jolly, Guifffreda, Barranco & Jisa, P.A. ("PJGBG") represented the Monroe Defendants in this case.  PJGBG billed the Monroe Defendants at an hourly rate of $152 for attorneys Christy Imparato ("Mrs. Imparato") and Matthew Wildner ("Mr. Wildner") and at an hourly rate of $184 for Richard Giuffreda ("Mr. Giuffreda").   The Monroe Defendants argue that the hourly rates are appropriate because Mr. Giuffreda (1) is a partner at PJGBG, (2) has 31

---

[1]   The 12 *Johnson* factors are as follows:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).

years of litigation experience, and (3) has litigated more than one hundred fifty jury trials.  The Monroe Defendants also claim that the hourly rates for Mr. Wildner are appropriate because he has eight years of experience and has litigated more than seventy jury trials.  As for Mrs. Imparato, the Monroe Defendants believe that the hourly rate requested is appropriate because she has eight years of litigation experience, almost exclusively in federal civil rights litigation.  Therefore, the Monroe Defendants conclude that the requested hourly rates are appropriate given the qualifications and experiences of their attorneys, including the prevailing market rates in the local community for federal civil rights litigation.

Plaintiffs' response is that there is no dispute as to the hourly rates requested and that their only objections to a fee award are aimed at the number of hours reasonably expended.  Former Counsel takes the same position when he states that there is "no good faith objection to the hourly rates charged by counsel," and that any fee award should be reduced with respect to the number of hours expended.  [D.E. 132].  Because all parties agree that the hourly rates are reasonable, and the rate requested is less than those charged by attorneys with comparable skill and experience, the Monroe Defendants' motion for an hourly rate of $152 and $184 should be **GRANTED**.  *See, e.g., Rubenstein v. Fla. Bar*, 2015 WL 1470633, at *3 (S.D. Fla. Mar. 31, 2015), *Report and Recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015).

7

### B. *Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *A.C.L.U. of Georgia*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *A.C.L.U. of Georgia*, 168 F.3d at 428. If the fee applicant fails to exercise required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.* at 428. As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303. Accordingly, it is "perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.* at 1303 (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

The Monroe Defendants argue that the number of hours that their attorneys expended are reasonable given the nature of the case, the number of claims and defendants, and the length of the litigation. The Monroe Defendants claim that the

8

number of hours that their attorneys expended in this case are 43.70 hours for Mr. Giuffreda, 49.50 hours for Mr. Wildner, and 15.40 hours for Mrs. Imparato. As such, the Monroe Defendants request a fee award of $8,039 for Mr. Giuffreda's time, $7,548 for Mr. Wildner's time, and $2,340.80 for Mrs. Imparato's time.

Plaintiffs' response is that the Homestead Defendants' motion for fees is overbroad because only some of the claims in the complaint were frivolous. Plaintiffs rely, for example, on the Supreme Court's decision in *Fox v. Vice*, where the Court held that "a court may grant reasonable fees to the defendant in this circumstance, but only for costs that the defendant would not have incurred but for the frivolous claims." 563 U.S., 829 (2011). Plaintiffs assert that the Court's determination on entitlement was tethered to a finding that Plaintiffs' claims were frivolous because they fell outside of the four-year statute of limitations ("SOL"). But, Plaintiffs claim that half of the counts relate to actions within the four-year statute of limitations. Plaintiffs therefore argue that the Monroe Defendants' motion is defective because the latter failed to differentiate between time spent on counts outside of the SOL versus time spent on counts within the SOL. Notwithstanding this deficiency, Plaintiffs conclude that there are only four charges in the billing records totaling $1,440 that should be part of an attorney fee award.

Alternatively, if the Monroe Defendants are awarded fees, Plaintiffs argue that there must be a substantial reduction. Plaintiffs argue that the Monroe Defendants' request for fees should be reduced because the latter failed to mitigate.

9

Plaintiffs suggest that the Monroe Defendants should have filed a motion for a more definite statement or a safe harbor letter under Rule 11.  If the Monroe Defendants had done so, Plaintiffs claim that they would have undertaken the burden of correcting or withdrawing their complaint.  Because the Monroe Defendants failed to give notice to Plaintiffs about their defective complaint, Plaintiffs conclude that there was a failure to mitigate the amount of fees in this case.

Next, Plaintiffs claim that approximately half of the fees requested is for work completed after the Court dismissed this case with prejudice.  Plaintiffs view these fees as suspicious because there should be no billing for work completed after the dismissal of a case.  Plaintiffs also suggest that the Monroe Defendants are billing for duplicative tasks for work completed in the prior case to obtain a windfall for work that was already performed.  And Plaintiffs further argue that the Monroe Defendants are not entitled to attorneys' fees for work performed on state law claims bought against them because these counts should have been dismissed without prejudice to be refiled in state court  Therefore, if there must be a fee award, Plaintiffs conclude that a fee award must be reduced (1) for duplicative tasks, (2 ) for any billing after this case was dismissed, and (3) for state law claims that were improperly dismissed with prejudice.[2]

---

[2]   Plaintiffs note that, based on the billing records submitted, no determination can be made on the time the Monroe Defendants spent on the state law claims.  But, Plaintiffs suspect that this may equate to half of the number of hours requested.

Former Counsel opposes Plaintiffs' motion for many of the same reasons. Former Counsel argues that, if a fee award is premised on both cases, the Monroe Defendants' billing records are duplicative. Former Counsel directs the Court's attention to specific entries on the Monroe Defendants' billing records to demonstrate that some entries are excessive, unnecessary, and/or duplicative. Because the Monroe Defendants are only entitled to fees in connection with this case and some of their billing entries are duplicative, Former Counsel concludes that the amount owed should be reduced by $4,605.[3]

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger,* 10 F.3d at 783). A court may not, however, do both. *See Bivins*, 548 F.3d at 1351-1352 (explaining that "by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours"). In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable while at other times the "fee documentation can be so voluminous as to render an hour-by-hour review impractical." *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[;r]ather, . . . it may [] reduce [the hours devoted

---

[3]   Unlike the Homestead Defendants, the Monroe Defendants only seek attorneys' fees for work performed in this case – not the prior litigation.

to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added)). "In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s] [its] reasons for selecting specific percentage reductions." *Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *Report and Recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783).

In reviewing the billing records submitted, we find that an hour-by-hour approach is preferred, to the extent a reduction is warranted, because the billing records are not so voluminous to render a necessity for an across the board cut. Plaintiffs filed their complaint in this case on August 25, 2017 – meaning that the Monroe Defendants' attorneys are presumptively entitled to all hours expended after that date. In determining whether the Monroe Defendants are entitled to that amount, we must consider the arguments presented in opposition to a fee award.

First, Plaintiffs and Former Counsel request that the fees of this action be reduced because the time entries in the billing records are excessive, unnecessary, duplicative, and should exclude time entries after the Court dismissed Plaintiffs' complaint in June 2018. But, based on our review of the invoices submitted, the Monroe Defendants' hours in litigating this case were appropriate. In the prior case, the Monroe Defendants filed three separate motions to dismiss with respect to a failure to state a claim for wrongful arrest, seizure, imprisonment, abuse of process, and conspiracy. These motions to dismiss are noticeably distinguishable, when

12

compared to the one submitted in this case, because the former did not contain arguments relating to statute of limitations defense or shotgun pleadings. And while the Monroe Defendants were obviously familiar with some of Plaintiffs' claims from the prior case, that does not mean that the number of hours on this matter were unnecessary when Plaintiffs continued to submit shotgun pleadings. Plaintiffs' time entries post June 2018 should also be recoverable because those fees were incurred in connection with Plaintiffs' Rule 59 and Rule 60 motions, including the preparation on the motion for entitlement to attorneys' fees. Therefore, after a thorough review of each time entry in the Monroe Defendants' billing records, we conclude that all hours expended in this case were reasonable.

Second, Plaintiffs' opposition to the number of hours billed is unpersuasive because pursuant to Local Rule 7.3(b), a party is required to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority."[4] S.D. Fla. F.R. 7.3(b); *see also ACLU,* 168 F.3d at 428 ("In order for courts to carry out their duties in this area, 'objections and proof from

---

[4] Plaintiffs and Former Counsel should have been more specific in their opposition to the Monroe Defendants' motion for fees. While Former Counsel identifies four invoices with duplicative time entries, he only supports his arguments with conclusory assertions. And unlike Former Counsel, Plaintiffs did not even bother to identify a single time entry that was duplicative, nor did they explain their objections with any specificity. Indeed, Plaintiffs and Former Counsel appear to put the burden on the Court to develop their arguments and identify the duplicative invoices. While we independently reviewed each time entry in the billing records, we decline to shoulder the burden of Plaintiffs and Former Counsel in developing arguments in opposition to the motion for fees.

fee opponents" concerning hours that should be excluded must be specific and "reasonably precise.") (quoting *Norman,* 836 F.2d at 1302). Plaintiffs' response fails to identify any specific time entries and merely states that "[m]ost of the hours expended . . . are objected to." [D.E. 129 at 5]. Because Plaintiffs have presented only generic objections to the number of hours expended, they have not met their burden of identifying specific objections to the Monroe Defendants' time entries.

Plaintiffs' third argument – that only some of their claims are frivolous and that the Monroe Defendants are not entitled to fees incurred in defending the state law claims – is equally unconvincing. Plaintiffs focus primarily on the fact that some of their claims were timely and not time-barred under the applicable statute of limitations. But, Plaintiffs overlook the fact that their complaint repeatedly failed to state a claim for relief. This means that, even if some of Plaintiffs' claims were not time-barred or state law claims, they were still not adequately pled to avoid repeated dismissals of the underlying complaint. Plaintiffs appear to misunderstand the reason for the Monroe Defendants' entitlement to attorneys' fees. It was not one singular defect that repeatedly doomed Plaintiffs' complaint, but several reoccurring flaws that made this case frivolous. Therefore, Plaintiffs' argument that some of their claims were not frivolous lacks merit because the complaint should not have been filed before correcting the previously identified defects.

Fourth, Plaintiffs claim that the Monroe Defendants failed to mitigate the number of hours expended. This contention is feeble because the Monroe Defendants are not required to provide notice to Plaintiffs that the complaint is frivolous. We can find no authority – and Plaintiffs failed to city any – for the argument that fees under 42 U.S.C. § 1988 requires the submission of a Rule 11 motion or a motion for a more definite statement. As such, Plaintiffs' fourth argument is unsupported.[5]

### C. *Final Calculations*

With these considerations in mind, the Court finds that the number of hours that the attorneys expended after August 25, 2017 is reasonable. Mr. Giuffreda expended 43.70 hours, Mr. Wildner expended 49.50 hours, and Mrs. Imparato expended 15.40 hours. Multiplying Mr. Wildner's and Mrs. Imparato's hours by the hourly rate of $152 equates to a total of $7,548.80 for Mr. Wildner and $2,340.80 for Mrs. Imparato. Multiplying Mr. Giuffreda's hours by the hourly rate of $184 equates to a total of $8,039. That means that the Moneroe Defendants should be entitled to a total of $17,928.60. The Monroe Defendants' billing records reflects the work of experienced counsel and we are unconvinced that they are duplicative of

---

[5] Plaintiffs note that no claims made on Vanessa McDonough's behalf have been found to be frivolous and that Former Counsel never received her permission to include her as a plaintiff in this case. This argument lacks merit for an abundance of reasons but most importantly because she pursued her claims for nearly a year and never moved to withdraw before the Court's dismissal with prejudice. Making matters worse, when Vanessa McDonough filed her verified notice of intent to withdraw from this case on July 31, 2018, she never mentioned that Former Counsel lack the authority to include her as a plaintiff. [D.E. 103].

work performed in the prior case. Because Plaintiffs and Former Counsel should be entitled to $17,928.60, the Monroe Defendants' motion should be **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Monroe Defendants' motion for attorneys' fees be **GRANTED**. [D.E. 125]. The Monroe Defendants should be entitled to $17,928.60 for the hours expended pursuant to Federal Rule of Civil Procedure 54(d)(2), 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Local Rule 7.3.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of December, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge