United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| James Eric McDonough and<br>Vanessa McDonough, Plaintiffs, | )<br>)<br>) | |
| v. | ) | Civil Action No. 17-23227-Civ-Scola |
| City of Homestead, and others,<br>Defendants. | )<br>)<br>)<br>) | |

## Opinion Order Adopting in Part the Magistrate's Report And Recommendations

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on the Defendants' motions for attorney's fees and costs. (ECF Nos. 95, 127.) On September 25, 2018, Judge Torres issued two orders granting motions to determine entitlement to attorney's fees filed by the Homestead Defendants[1] and the Monroe Defendants.[2] (the "Orders," ECF Nos. 118, 119.) The Orders found that the Homestead Defendants and Monroe Defendants were entitled to an award of attorney's fees incurred in defending this suit to be paid by the Plaintiffs James Eric McDonough and Vanessa McDonough (the "McDonoughs") under 42 U.S.C. § 1988, and the McDonoughs' former counsel Gary Ostrow and his law firm Gary Ostrow P.A. (collectively "Ostrow") under 28 U.S.C. § 1927. For the amount of fees, Judge Torres recommended through two separate reports that the Homestead Defendants recover $20,863.78 and the Monroe Defendants recover $17,928.60. (the "R&Rs," ECF Nos. 135, 136.) The McDonoughs and Ostrow timely objected to the Orders and R&Rs. (ECF Nos. 137, 138, 139.) After conducting a *de novo* review of the entire case file; and reviewing the parties' submissions on the sanctions issue, the Orders and R&Rs, the parties' objections and responses to same, and the applicable law; the Court **affirms and adopts in part** the Orders and R&Rs (**ECF Nos. 118, 119, 135, 136**), as set forth below.

---

[1] The "Homestead Defendants" are the City of Homestead, Jeff Porter, George Gretsas, Alexander Rolle, Alejandro Murguido, Thomas Surman, John Buchanan, D. Snyder, M. Pasquarella, L. Zavaleta, A. Pearce, J. Cruz, Veronica Blanco, Mario Arzuaga, and Thomas Mead.

[2] The "Monroe Defendants" are Monroe County, Rick Ramsay, Luis Gomez, and Chad Scibilia.

The Court does not adopt the portions of the Orders and R&Rs recommending the entry of sanctions against the McDonoughs under 42 U.S.C. § 1988. Prevailing party fees are only available to a defendant under that statute "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This case was dismissed on shotgun pleading grounds because Ostrow refiled a "tangled mess comprising 94 pages of incoherent and largely irrelevant conclusory allegations," after Judge Williams previously notified Ostrow of similar concerns in an earlier dismissal order in a related case. (ECF No. 80.) Because the dismissal was on shotgun pleading grounds, the Court's prior orders do not provide a basis to find this case "frivolous, unreasonable or without foundation" on the merits. *Fox*, 563 U.S. at 833. And it is not appropriate to undertake such a merits inquiry for the first time at the sanctions stage, particularly where the earlier dismissal order was already affirmed on appeal. *See McDonough v. City of Homestead*, 771 F. App'x 952 (11th Cir. 2019); *see also Hensely v. Eckerhart,* 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). None of this is to say that the case ever had merit, but rather that it was poorly litigated and dismissed for that reason. That was not the McDonoughs' fault and they will not be sanctioned for their lawyer's incompetence. The Monroe Defendants' and Homestead Defendants' requests for attorneys' fees against the McDonoughs under 42 U.S.C. § 1988 are **denied**.

But the Court agrees with Judge Torres that the Homestead Defendants and Monroe Defendants are entitled to recover attorney's fees against Ostrow under 28 U.S.C. § 1927. The Court further agrees with Judge Torres as to the recommended amount of fees to be recovered by each of those defendants. As such, the Orders and R&Rs as to the Homestead Defendants' and Monroe Defendants' entitlement to section 1927 sanctions, and the amount of those sanctions, to be recovered against Ostrow are **affirmed and adopted in full**. Ostrow's objections (**ECF No. 137**) are **overruled** for the reasons stated in the Orders and R&Rs. *Cf. Jackson v. Bank of America, N.A.,* 898 F.3d 1348, 1359-60 (11th Cir. 2018) (ordering counsel to show cause why Rule 38 sanctions should not be imposed for appealing order dismissing shotgun complaint); *Cramer v. State of Fla.,* 117 F.3d 1258, 1265 (11th Cir. 1997) (same).

In sum, the Orders and R&Rs (**ECF Nos. 118, 119, 135, 136**) are **affirmed and adopted in part,** and the Homestead Defendants' and Monroe Defendants' motions for attorneys' fees (**ECF Nos. 124, 125**) are **granted in part and denied in part**. The Court awards the Homestead Defendants

**$20,863.78** in attorneys' fees to be paid by Ostrow. The Monroe Defendants are awarded **$17,928.60** in attorneys' fees to be paid by Ostrow.

The **Clerk** is directed to **close** this case. All pending motions are denied as moot.

**Done and ordered**, in Chambers, at Miami, Florida on August 6, 2019.

_____
Robert N. Scola, Jr.
United States District Judge